# Wells *versus* Peck.

One partner cannot be a witness for his copartner in a suit against the latter on an alleged partnership liability, though released by the copartner from liability to him.

ERROR to the Common Pleas of *Susquehanna county.*

This was an action of debt by Asher Peck *v.* J. M. Chittenden and J. H. Wells, administrators of the estate of Charles H. Wells, deceased, who had been a partner with Sidney B. Wells under the name of Wells & Co. It was founded on an instrument of writing, in which it was stated that Wells & Co. had borrowed of Asher Peck $85, to be paid on demand with interest. It was signed Wells & Co.

On the part of the *defendants*, said Sidney B. Wells was offered as a witness, a release to him having been executed by the defendants. He was objected to as incompetent on account of interest, and was rejected.

The rejection was assigned for error.

*Bentley* and *Fitch*, for plaintiffs in error.—It was said that, not being a party to the record, and the record not being evidence for or against him in any suit against him for the same claim, he was a competent witness: 9 *Watts* 386; 6 *Barr* 322. It was further said that, by the death of a party, the right of action became several: *Act of 11th April, 1848.*

*Turrell*, for defendant in error.—The suit being founded on a partnership liability, S. B. Wells was incompetent; because, if the plaintiff had been defeated, the judgment would be a bar to reco-

[*Wells v. Peck.*]

very against S. B. Wells, and the partnership fund would not be diminished by this proceeding.

It was further said that the position of S. B. Wells was analogous to that of a partner not served with process: Wolf *v.* Fink, 1 *Barr* 440; also cited 2 *Penna. Rep.* 138; 2 *Watts* 351; 1 *Whar.* 398; 1 *Rey. & M.* 29; 21 *Eng. Com. Law* 374; 7 *Barr* 370. Though at this time the claim is barred by the statute as to S. B. Wells, it was not barred at the commencement of the suit; and, if recovery had taken place, it would have been payable out of the partnership funds.

The opinion of the Court was delivered by

KNOX, J.—This Court has repeatedly ruled that one partner cannot, by assigning his interest in a partnership claim, become a witness to establish the validity of the claim in behalf of his copartners. The same principle will exclude a joint debtor, growing out of a partnership debt, from testifying in favor of his copartner, although he may not be joined in the action, and may have been released by the partner against whom the action is brought. Nominally, the interest is divested by the release, but it is equally so by the assignment. The rule of policy is as strong in the one case as in the other. Without the release, the partner would be clearly incompetent, as he would be compelled to make contribution. So a joint creditor without an assignment would be incompetent, as he would be entitled to participate in the fund. The rules of evidence should be uniform, and be applied as well for as against parties similarly situated. The assignment of the one and the release of the other stand upon equal footing; or, in other words, they give no footing for the purpose of testimony. The witness was properly excluded.

Judgment affirmed.